UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH GARCIA and SANDRA GARCIA,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY; DOWNTOWN FORD SALES; and DOES 1 through 10, inclusive<br><br>Defendants. | No. 2:19-cv-00385-JAM-AC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

On January 22, 2019, Ralph and Sandra Garcia ("Plaintiffs") filed a suit against Ford Motor Company and Downtown Ford Sales (collectively "Defendants") in Sacramento Superior Court. Plaintiffs claimed Defendants committed fraud and violated several provisions of California's "Song-Beverly Act," Cal. Civ. Code § 1790, et seq. See generally Compl., ECF No. 1-1.

Defendants received a copy of Plaintiffs' complaint on January 31, 2019 and filed a timely notice of removal on March 4, 2019. ECF No. 1. See also 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a). The notice invoked the Court's diversity jurisdiction, arguing (1) the Court should dismiss Downtown Ford

1

as fraudulently joined; (2) the Court should dismiss Downtown Ford under Rule 21 even if the fraudulent-joinder doctrine does not apply; and (3) the amount in controversy exceeds $ 75,000. Notice of Removal ¶¶ 3-8. In response, Plaintiffs filed a motion to remand. Mot. to Remand ("Mot."), ECF No. 5.[1]

For the reasons set forth below, the Court finds that Defendants failed to show Plaintiffs fraudulently joined Downtown Ford. Furthermore, the Court declines to dismiss Downtown Ford under Rule 21 of the Federal Rules of Civil Procedure. As a result, Downtown Ford defeats Defendants' claims of diversity jurisdiction under 28 U.S.C. § 1332(a) and prevents removal under 28 U.S.C. § 1441(b)(2). Because Defendants did not show they satisfied Section 1332's diversity requirement, the Court need not address the amount-in-controversy issue. The Court GRANTS Plaintiffs' motion to remand.

## I. FACTUAL ALLEGATIONS

Plaintiffs bought a 2013 Ford Edge "in or about March 2013." Compl. at ¶ 8. Downtown Ford, a California dealership, sold Plaintiffs the vehicle. Compl. ¶¶ 5, 8. Ford Motor, a corporation incorporated in Delaware with a principal place of business in Michigan, manufactured and/or distributed the vehicle. Compl. ¶ 8. See also Notice of Removal ¶ 18.

Plaintiffs' newly-purchased vehicle included a 3-year/36,000-mile express bumper-to-bumper warranty and a 5-year/60,000-mile powertrain warranty. Compl. ¶ 9. During the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 18, 2019.

2

warranty Plaintiff's vehicle displayed several defects. Compl. ¶ 10. On multiple occasions, Plaintiffs brought the defects to Defendants' attention and requested repairs. Compl. ¶¶ 14, 26. Defendants, nevertheless, failed to conform the vehicle to the applicable warranties, replace the vehicle, or provide restitution. Compl. ¶¶ 14, 18.

## II. OPINION

### A. Fraudulent Joinder

#### 1. Legal Standard

For a defendant to remove a civil case from state court, he must prove the federal court has original jurisdiction over the suit. 28 U.S.C. § 1441. A federal court may exercise jurisdiction over a case involving purely state law claims when there is complete diversity between the parties and an amount in controversy exceeding $ 75,000. 28 U.S.C. § 1332(a). To satisfy Section 1332's diversity requirement, no plaintiff may be a citizen of the same state as any defendant. Id. When a case is removed on the basis diversity jurisdiction, no defendant may be a citizen of the state where Plaintiff brought the suit. 28 U.S.C. § 1441(b)(2).

A court will dismiss a fraudulently-joined defendant and disregard its citizenship when determining whether the parties are diverse. McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1986). A joinder is fraudulent when (1) there is actual fraud in the pleading of jurisdictional facts; or (2) a plaintiff cannot establish a cause of action against the non-diverse party in state court. Id. Courts do not often find joinder fraudulent—the burden of persuasion is high and rests

squarely on defendants' shoulders. <u>Grancare, LLC v. Thrower by and through Mills</u>, 889 F.3d 543, 548 (9th Cir. 2018). A court resolves "all disputed questions of fact and all ambiguities in the controlling state law . . . in the plaintiff's favor." <u>Warner v. Select Portfolio Servicint, et al.</u>, 193 F. Supp. 3d 1132, 1135 (C.D. Cal. 2016). After which, it must "appear to near certainty" that joinder was fraudulent. <u>Diaz v. Allstate Insur. Group</u>, 185 F.R.D. 581, 586 (C.D. Cal. 1998).

When a defendant adopts the second approach to showing fraudulent joinder, he must prove plaintiff "fail[ed] to state a cause of action against a resident defendant . . . [that] is obvious according to the settled rules of the state." <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1043-44 (9th Cir. 2008). Courts do not take this obviousness requirement lightly. If there is even a "<u>possibility</u>" that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants," a federal court "must find the defendant properly joined and remand the case to state court." <u>Grancare, LLC</u>, 889 F.3d at 549 (emphasis and modification in original). In this sense, the test for fraudulent joinder differs from the test that governs a Rule 12(b)(6) motion to dismiss. <u>Id.</u> The Ninth Circuit recently highlighted this difference:

> If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there . . . . [T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

4

Id.

2. Analysis

Plaintiffs' only claim against Downtown Ford is for breach of an implied warranty of merchantability. Compl. ¶¶ 29-33. Defendants contend this claim obviously fails under settled state law because it is barred by the four-year statute of limitations. Notice of Removal ¶¶ 25-32. In contracts for sales of goods, a breach of warranty claim generally accrues when tender of delivery is made. Cal. Com. Code. § 1791.1(d). Mot. at 3-12. Given that timeline, the limitations period on Plaintiffs' claim against Downtown Ford expired in March 2017. Plaintiffs disagree, arguing (1) under the "delayed discovery rule," Cal. Com. Code § 2725, their breach of warranty claim did not accrue until they discovered the breach; and (2) the "repair doctrine" tolled the statute of limitations during the period when Downtown Ford was attempting to repair the vehicle. Mot. at 8-10.

The Court finds Defendants have not proven Plaintiffs' claim against Downtown Ford is obviously barred by the statute of limitations. Defendants have not identified any decisions from the California Supreme Court or state court of appeals that squarely preclude the delayed discovery rule from applying to implied warranty claims. Nor have Defendants identified a state court decision that conclusively bars Plaintiffs' use of the repair doctrine.[2]

---

[2] Plaintiffs' motion suggests the repair doctrine is rooted in Cal. Civ. Code § 1795.6. Mot. at 10. Defendants correctly argue Section 1795.6 is a statutory provision that tolls the expiration of a warranty period—not the statute of limitations—on a breach

5

As Defendants argue, the Northern District of California has repeatedly found the "delayed discovery rule" inapplicable to implied warranty claims. See Opp'n to Plfs.' Mot. to Remand ("Opp'n") at 6-7 (citing Philips v. Ford Motor Co., No. 14-cv-02989-LHK, 2016 WL 1745948 at *12-13 (N.D. Cal. May 3, 2013); Durkee v. Ford Motor Co., No. 14-cv-00617-PJH, 2014 WL 7336672 at *5 (N.D. Cal. Dec. 24, 2014)). But the posture of the cases Defendants cite is significant. Philips, 2016 WL 1745948 at *12-13 and Drukee, 2014 WL 7336672 *5 both involved adjudication of the cases' merits. Merits review requires a federal court adjudicating unresolved questions of state law to predict how the state's highest court would resolve the issue. Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd., 880 F.2d 176, 186 (9th Cir. 1989). The fraudulent joinder analysis does not task federal courts with conducting the same exercise in premonition. Rather, a lack of controlling state law cuts against a finding of "obviousness."

Conceivably, Plaintiffs could use the delayed discovery rule or repair doctrine to extend the limitations period on their breach of implied warranty claim. It is therefore not sufficiently "obvious" that they have failed to state a viable claim against Downtown Ford such that the Court can find that this defendant has been fraudulently joined.

B. Rule 21

Federal Rule of Civil Procedure 21 allows the Court to "at

---

of warranty claim. Opp'n at 7; see also Aced v. Hobbs-Sesack Plumbing Co., 55 Cal.2d 573, 585 (1961). The Court finds Plaintiffs' failure to correctly identify the source of the repair doctrine does not undermine its potential application.

any time, on just terms, add or drop a party." A Court may use Rule 21 to perfect its diversity jurisdiction by dismissing a non-diverse party, but only if the nondiverse party is "dispensable" under Rule 19. <u>Sams v. Beech Aircraft Corp.</u>, 625 F.2d 272, 277 (9th Cir. 1980).

Setting aside the question of whether Downtown Ford is a dispensable party, the Court finds it inappropriate here to dismiss this party for the sole purpose of granting itself jurisdiction. Judges in the Eastern District of California are already burdened with some of the heaviest caseloads in the nation. Defendants have not presented any compelling reasons, nor does this Court find any such reason why it should disrupt Plaintiffs' choice of forum and further impact the federal docket when not required to by law. <u>See</u> Opp'n at 9-10.

### III. ORDER

The Court declines to dismiss Downtown Ford as fraudulently joined or under Rule 21. As a result, the Court lacks subject-matter jurisdiction over this case. Plaintiffs' motion to remand is GRANTED and the suit is REMANDED to Sacramento County Superior Court.

IT IS SO ORDERED.

Dated: July 22, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE